UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RONALD L. MADDEN, ) | |
| ) | |
| *Plaintiff,* ) | Case No: 1:08-cv-160 |
| ) | Judge Mattice |
| v. ) | |
| ) | |
| CITY OF CHATTANOOGA, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM AND ORDER**

The following motions are presently before the Court: (1) Plaintiff's October 28, 2009 Motion to Amend (Court Doc. 82, Oct. 28, 2009 Mot. to Amend); (2) Plaintiff's November 16, 2009 Motion Objecting to Defendants [sic] Response (Court Doc. 90, Nov. 16, 2009 Mot. Objecting to Defs' Resp.); and (3) Plaintiff's November 30, 2009 Motion Objection to Defendants [sic] Reply Motion (Court Doc. 96, Nov. 16, 2009 Mot. Objecting to Defs.' Reply Mot.). The three motions request, pursuant to Rule 59 and Rule 60 of the Federal Rules of Civil Procedure, that the Court reconsider and amend its March 12, 2009 Memorandum and Order, which dismissed Plaintiff's claims against Defendants Judge Rebecca Stern, William H. Cox, and Gwen Tidwell.

In addition to the request for the Court to reconsider and amend the March 12, 2009, Plaintiff's October 28, 2009 Motion to Amend also seeks to add Bates Bryan, an Assistant District Attorney General, as a defendant in the instant case.[1] Plaintiff's November 16, 2006 Motion Objecting to Defendant's Response (Court Doc. 90) also seeks

---

[1] Plaintiff inadvertently refers to Assistant District Attorney General Bates Bryan as Bryan Bakes. The Court will take judicial notice that this individual's proper name is Bates Bryan in this Memorandum and Order.

a preliminary injunction against Defendants Stern, Cox, and Tidwell and an entry of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

For the reasons explained below, (1) Plaintiff's October 28, 2009 Motion to Amend (Court Doc. 82, Oct. 28, 2009 Mot. to Amend) will be **DENIED**; (2) Plaintiff's November 16, 2009 Motion Objecting to Defendants [sic] Response (Court Doc. 90, Nov. 16, 2009 Mot. Objecting to Defs' Resp.) will be **DENIED**; and (3) Plaintiff's November 30, 2009 Motion Objection to Defendants [sic] Reply Motion (Court Doc. 96, Nov. 16, 2009 Mot. Objecting to Defs.' Reply Mot.) will be **DENIED**.

I. **LEGAL STANDARD**

The Court notes that Rule 56(e) and 60(b) of the Federal Rules of Civil Procedure do not provide a basis upon which it may entertain Plaintiff's motion to reconsider the March 12, 2009 Memorandum and Order because no final judgment has been entered. Moore's Federal Practice § 60.25[2] (2010). In accordance with its duty to liberally construe *pro se* plaintiff's pleadings and filings, however, the Court will construe Plaintiff's motion to reconsider as being a motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Court does have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *Rodriguez v. Tenn. Labors Health & Welfare Fund*, No. 02-5601, 89 Fed. App'x 949-959 (6th Cir. Feb. 6, 2004). This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank (South Dakota), N.A. v. FDIC,* 857 F. Supp. 976, 981 (D.D.C. 1994); *see also Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981). Traditionally, courts will find justification for reconsidering interlocutory orders

when there is (1) an intervening change of controlling law;  (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

A motion to reconsider under Rule 54(b), however, may not "serve as a vehicle to identify facts or  raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Grozdanich v. Leisure Hills Health Ctr., Inc.,* 48 F. Supp. 2d 885, 888 (D. Minn. 1999) (citation omitted); *see also Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion . . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.").

In the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case in a motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993).  A movant has no right to reconsideration of an interlocutory order simply because the movant makes the motion in good faith. *Rodriguez*, Fed. App'x at 959.  As the United States Court of Appeals for the Sixth Circuit explained, this "standard obviously vests significant discretion in district courts."  *Id.*

## II. ANALYSIS

The Court has reviewed Plaintiff's motions to reconsider and amend its March 12,

2009 Memorandum and Order and finds that Plaintiff has failed to provide a *legal* basis upon which the Court may revisit its earlier ruling. The Court's March 12, 2009 Memorandum and Order concluded that Plaintiff's claims against Defendants Tidwell, Cox, and Stern must be dismissed because the Defendants were entitled to sovereign, judicial, quasi-judicial, and prosecutorial immunity from suit. (Court Doc. 8, March 12, 2009 Mem. & Order at 1-15.) In accordance with this legal finding, the Court dismissed Plaintiff's claims against these Defendants with prejudice.

Plaintiff's briefing does not provide the Court a legal basis for it to revisit this ruling. Plaintiff's allegations against Defendants Tidwell, Cox, and Stern in each of the three motions to reconsider and amend arise from their performance of prosecutorial, judicial, or quasi-judicial duties and while they acted as a state employees. Thus, Defendants Tidwell, Cox, and Stern are entitled to immunity from suit. *See* March 12, 2009 Mem. & Order at 2-15. A Rule 54(b) motion does not simply provide a plaintiff the opportunity reargue a case, and it must be supported by a showing that a federal district court made an error of law or by newly discovered evidence. *Rodriguez*, Fed. App'x at 959. Accordingly, the Court will **DENY** Plaintiff's motions to reconsider or amend its March 12, 2009 Memorandum and Order.

Plaintiff's preliminary injunctive relief and sanctions claims, which arise out of the same alleged misconduct as the claims that were dismissed with prejudice, are barred by *res judicata*. *See* March 12, 2009 Mem. & Order at 15; *D-Beam v. Roller Derby Skate Corp.*, 316 Fed. App'x 966, 968-969 (Fed. Cir. June 6, 2008) ("For the purposes of claim preclusion, a dismissal with prejudice is considered a judgment on the merits."). A "dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and

*res judicata* precludes further litigation." *U.S. v. Towanda Trail*, 95 F.3d 422, 426 (6th Cir. 1996). The doctrine of res judicata or "claim preclusion" applies to bar further litigation in federal court of claims arising from the same transaction or occurrence. See Restatement (Second) of Judgments § 24 (1982) and *Lesher v. Lavrich*, 784 F.2d 193, 196-97 (6th Cir. 1986). Accordingly, the Court will **DENY** Plaintiff's motion for preliminary injunctive relief or sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Moreover, there is no legal basis to allow Plaintiff to amend his complaint to add Bates Bryan, Assistant District Attorney General, as a defendant in the instant case. Plaintiff's claims against Bryan are grounded in his actions during the course of Plaintiff's criminal prosecution. The claims against Defendant Cox were barred by the doctrine of sovereign and prosecutorial immunity and dismissed with prejudice. *See* March 12, 2009 Mem. & Order at 10-11. Thus, allowing Plaintiff to amend his complaint would be an exercise in futility. As the United States Court of Appeals for the Sixth Circuit has explained, a district court should deny a motion to amend where, as here, the Court finds that the proposed changes are futile, *i.e.*, destined to fail. *See North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997); *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1104 (6th Cir. 1995); *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1992). Accordingly, the Court will **DENY** Plaintiff's Motion to Amend his complaint to add Bates Bryan, Assistant District Attorney General, as a defendant in the instant case.

### III. CONCLUSION

For the reasons explained above, (1) Plaintiff's October 28, 2009 Motion to Amend (Court Doc. 82, Oct. 28, 2009 Mot. to Amend) is **DENIED**; (2) Plaintiff's November 16, 2009 Motion Objecting to Defendants [sic] Response (Court Doc. 90, Nov. 16, 2009 Mot. Objecting to Defs' Resp.) is **DENIED**; and (3) Plaintiff's November 30, 2009 Motion Objection [sic] to Defendants [sic] Reply Motion (Court Doc. 96, Nov. 16, 2009 Mot. Objecting to Defs.' Reply Mot.) is **DENIED**.

SO ORDERED this 19th day of February 2010.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE