UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RONALD L. MADDEN,         )
                               )
      *Plaintiff,*        )      Case No: 1:08-cv-160
                               )      Judge Mattice
v.                            )
                               )
CITY OF CHATTANOOGA*, et al.*,  )
                               )
      *Defendants.*     )

## MEMORANDUM AND ORDER

The following are presently before the Court: (1) Defendants Billy Long, Jim Hammond, and Hamilton County's Motion for Summary Judgment [Court Doc. 106]; (2) Defendants City of Chattanooga and Freeman Cooper's Motion for Summary Judgment [Court Doc. 100]; and (3) Defendants Jo Ann Thomas and J.J. Molineaux's Motion for Summary Judgment [Court Doc. 108]. This action was initiated by Plaintiff Ronald Madden (hereinafter "Plaintiff") pursuant to 42 U.S.C. § 1982 and 18 U.S.C. §§ 241-242. (Court Doc. 3, Compl. at 1.) Plaintiff asserts claims for "retaliation, false arrest, false imprisonment, false instrument, illegal seizure, cruel and unusual punishment under the First, Fourth, Fifth Eighth, and Fourteenth Amendment" against various Defendants. (*Id.*)

For the reasons explained below, (1) Defendants Billy Long, Jim Hammond, and Hamilton County's Motion for Summary Judgment [Court Doc. 106] will **GRANTED**; (2) Defendants City of Chattanooga and Freeman Cooper's Motion for Summary Judgment [Court Doc. 100] will be **GRANTED**; and (3) Defendants Jo Ann Thomas and J.J. Molineaux's Motion for Summary Judgment [Court Doc. 108] will be **GRANTED**.

# I.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded

-2-

jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The facts, viewed in the light most favorable to Plaintiff, are as follows.

In January 2007, Plaintiff was arrested for domestic assault and reckless endangerment after a Ms. Lathetta Havis contacted the police in East Ridge, Tennessee. (Court Doc. 108-1, Madden Dep. at 66, 257-260, Ex. A.) Defendant J.J. Molineaux, a City of East Ridge Police Department officer, was one of the arresting officers. (Court Doc. 108, Defs. Thomas and Molineaux's Mot. for Sum. J. at 2.) On March 27, 2007, during a preliminary hearing, Judge Arvin Reingold dismissed the reckless endangerment charge and bound the domestic assault charge over to a Hamilton County grand jury. (Madden Dep. 68-70.)

On June 20, 2007, a Hamilton County grand jury returned a true bill on the charge of domestic aggravated assault against Plaintiff. (Madden Dep. Ex. 3). A court date for the domestic aggravated assault charge was set for July 6, 2006. (Madden Dep. Ex. 4). Plaintiff, however, failed to appear. (Madden Dep. at 66.) A *capias* arrest warrant for Plaintiff was issued for Case No. 00264289 by Hamilton County Criminal Court Judge Rebecca Stern. (Madden Dep. 62-63, Exs. 1-3.)

On the morning of January 11, 2008, at approximately 7:30 a.m., Plaintiff was arrested by the City of Chattanooga Police Force and Hamilton County Sheriff's Fugitive Division as part of a "round up" for missing this court date. (Madden Dep. at 89-90.) No

-3-

force was used when Plaintiff was taken into custody. (*Id.* at 112.) No party disputes that the officer was acting in accordance with the *capias*, that the order required the arrest of Plaintiff, and that the deputy was thus required to carry out its directives. (*Id.* at 223-24) Plaintiff contends that the *capias* was inappropriately issued in violation of his constitutional rights because the Hamilton County Criminal Court did not have authority to issue a warrant for his arrest. (*Id.* at 62.) Plaintiff also contends he never received notice of this hearing prior to his arrest. (*Id.* at 66.) Plaintiff, however, has provided the Court with no evidence to substantiate these contentions.

After Plaintiff was taken into custody, a Hamilton County deputy transported Plaintiff to the Chattanooga Police Department Eastgate Precinct. (*Id.* at 113-114.) Plaintiff does not contend that anything inappropriate occurred at the Eastgate Precinct. Next, Plaintiff was transported from the Eastgate Precinct to the Hamilton County Jail by a Chattanooga Police Department officer. (*Id.* at 121-122.) Plaintiff was held on a $30,000 bond at Hamilton County Jail. (Compl. at 4.) He contends that the bail was preset "[s]o high in hope that plaintiff would not be able to post bail and ... plaintiff would forfeit his rights to submit a Reply Brief to the City of Chattanooga's Notice of Appeal" filed with the United States Court of Appeals for the Sixth Circuit. (*Id.*)

Plaintiff alleges that this January 11, 2008 arrest was the product of a conspiracy against him in retaliation for obtaining a civil judgment against the City of Chattanooga. (Madden Dep. at 143.) Prior to his arrest, Plaintiff worked for the City of Chattanooga Public Works Department as a Crew Worker Senior for three (3) years and was terminated by the City on March 14, 2006. (*Id.* at 29-30.) In a separate case, Plaintiff received a

judgment in the amount of $120,000.50 plus interest against the City of Chattanooga involving his employment with the City. (Compl. at 3.) He contends that Chattanooga Mayor Ron Littlefield contacted the "State" and this caused the True Bill and *capias* arrest warrant to be issued against him. (*Id.* at 72-74.) This assertion is based upon Plaintiff's belief that the city of Chattanooga had a "motive" to retaliate against him due to the earlier lawsuit in which he prevailed against the city. (*Id.*) Plaintiff contends such acts violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as guaranteed by the United States Constitution. Compl. at 4.

On July 25, 2008, Hamilton County Assistant District Attorney Bates Bryan informed Plaintiff that the pending criminal charges against him would be dismissed. (Court Doc. 130-6.) Sometime after his arrest, Plaintiff requested a copy of the tape recording of the March 27, 2007 preliminary hearing from the City of East Ridge Clerk's office in order to investigate this alleged conspiracy. (Madden Dep. at 270.) In the process of copying these tapes, Defendant Thomas and Plaintiff discovered that the preliminary hearing tapes had been partially erased. (*Id.*) During the course of this civil litigation, however, a tape recording of a portion of the preliminary hearing was recovered and made available to Plaintiff. (*Id.* at 271; Court Doc. 110, Defs. Thomas and Molineaux's Supp. Ex. B.)

## III. ANALYSIS

On July 28, 2008, Plaintiff filed the instant lawsuit which is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the City of Chattanooga, Hamilton County District Attorney William H. Cox, Judge Rebecca Stern, Gwen Tidwell, Clerk of the Criminal Court of Hamilton County, Jim Hammond, Sheriff of Hamilton County, Tennessee, J.J.

Molineaux, an East Ridge, Tennessee police officer, Jo Ann Thomas, Court Clerk for the City of East Ridge, Tennessee, Chattanooga Bonding Company, Freeman Cooper, Chief of the Police Department for the City of Chattanooga, former Hamilton County Sheriff Billy Long, and Hamilton County, Tennessee. Compl. 2-3. Plaintiff alleges that Defendants engaged in a conspiracy by which he was unlawfully arrested pursuant to a fraudulent *capias* warrant, held on excessive bail, and denied access to evidence relating to the charges in the *capias* arrest warrant in retaliation for obtaining a civil judgment against the City of Chattanooga. *Id.* 2-8. Plaintiff alleges that Defendants' actions violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights as guaranteed by the United States Constitution. *Id.*

Two Defendants were dismissed voluntarily with prejudice from this case prior to the filing of the pending dispositive motions. On November 18, 2008, Plaintiff voluntarily dismissed his claims against Defendant W.B. Collins with prejudice. (Court Doc. 49). On March 31, 2009, Plaintiff voluntarily dismissed his claims against Chattanooga Bonding Company with prejudice. (Court Doc. 67.)

In addition, the Court issued a Memorandum and Order on March 12, 2009, which concluded that Plaintiff's claims against Defendants Tidwell, Cox, and Stern must be dismissed because the Defendants were entitled to sovereign, judicial, quasi-judicial, and prosecutorial immunity from suit. (Court Doc. 8, March 12, 2009 Mem. & Order at 1-15.) In accordance with this legal ruling, the Court dismissed Plaintiff's claims against these Defendants with prejudice. The remaining Defendants have all now moved for summary judgment and request that the Court dismiss Plaintiff's claims against them with prejudice. (Court Docs. 104, 106, 108.)

-6-

Before turning to the pending motions for summary judgment, the Court notes that several claims made by Plaintiff simply fail as a matter of law. First, the Court finds that Plaintiff's claims arising under the Eighth Amendment of the U.S. Constitution, which does not relate to post-conviction treatment, must fail as a matter of law.[1] Similarly, Plaintiff's allegations pursuant to 18 U.S.C. §§ 241-242 provide no basis for a civil suit under 42 U.S.C. § 1983 because they are criminal statutes. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, Plaintiff's 18 U.S.C. §§ 241-242 claims against all Defendants must fail as a matter of law.

Plaintiff's civil conspiracy allegation, brought pursuant to 42 U.S.C. § 1985, also fails as a matter of law. Plaintiff alleges that Defendants illegally engaged in a conspiracy in retaliation for Plaintiff's obtaining a civil judgment against the City of Chattanooga. Compl. at 3-5. Plaintiff, however, admitted in his deposition that there was no evidence of any agreement among the Defendants. Madden Dep. at 72-74. Moreover, Plaintiff's Complaint does not allege class-based motivation on the part of Defendants. Both findings are prerequistes for any *prima facie* claim of conspiracy under 42 U.S.C. § 1985.[2] Thus,

---

[1] Even under the most charitable reading of the Complaint, Plaintiff's Eighth Amendment claim fails as a matter of law. The Eighth Amendment's protections apply only to post-conviction inmates. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005); *Barber v. Salem*, 953 F.2d 232, 235 (6th Cir. 1992). Because Plaintiff's § 1983 claims relate only to his arrest and not to any post-conviction treatment, Plaintiff cannot sustain an Eighth Amendment claim. Accordingly, Plaintiff's § 1983 claims against Defendants as those claims relate to the Eighth Amendment fail as a matter of law.

[2] Plaintiff alleges that Defendants illegally engaged in a conspiracy in an attempt to prevent him from filing documents in his appeal of a case involving his employment of the City of Chattanooga. Compl. at 5. Section 1985 provides a cause of action when "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . ." or when "two or more persons . . . conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . ." 42 U.S.C. § 1985(2), (3).

In order to demonstrate a conspiracy in violation of § 1985, a plaintiff must show more than vague or conclusory allegations unsupported by material facts. The language of § 1985 also requires that there

the Court finds that Plaintiff's civil conspiracy claim, pursuant to 42 U.S.C. § 1985 does not state a claim and fails as a matter of law.

Finally, the Court finds that Plaintiff's claim regarding the alleged perjury committed by the City of Chattanooga and Defendant Cooper is without merit. Compl. at 7. First, Plaintiff admits that there is no evidence that anyone on behalf of the City of Chattanooga, including Defendant Cooper attended or testified at the June 20, 2007 Grand Jury proceeding. Madden Dep. at 191-192. Other than plaintiff's unsubstantiated assertion that some unnamed City of Chattanooga official perjured himself before the June 20, 2007 Grand Jury, no evidence has been submitted as to that critical fact. As the Sixth Circuit has made clear, unsubstantiated allegations that lack even a scintilla of evidence must be dismissed. *Shelton v. City of Taylor*, 92 Fed. App'x 178, 183 (6th Cir. 2004) ("even considering the evidence in the light most favorable to the plaintiff, it amounts to no more than unsubstantiated allegations, and therefore the district court did not err in granting summary judgment on the excessive force claims.").

## A.    42 U.S.C. § 1983

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 834 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Fox v. Mich. State Police Dep't*, No. 04-2078, 2006 WL 456008, at *3 (6th Cir. Feb. 24, 2006); *Dallas v. Holmes*, 137 Fed. App'x 746, 752 n.5 (6th Cir. 2005); *Bragg v. Madison*, 20 Fed. App'x 278, 285 (6th Cir. 2001).

injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).  Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

## B.    Plaintiff's Section 1983 Claims Against Defendant Molineaux

Plaintiff's Complaint alleges that Defendant Molineaux committed perjury before the Hamilton County grand jury that returned a true bill on the charge of domestic aggravated assault against him.  Compl. at 7.  Plaintiff has failed, however, to provide any evidence to corroborate the claim that Defendant Molineaux committed perjury before the Hamilton County grand jury.  In fact, Plaintiff admits that there is no evidence that Defendant Molineaux was ever called to testify before the grand jury, and Plaintiff does not know whether Defendant Molineaux ever committed perjury.  Madden Dep. at 150-151, 264. Nonetheless, Plaintiff contends, without providing any evidence whatsoever, that Defendant Molineaux "acted in concert with Defendants City of Chattanooga in violation

-9-

of Plaintiff [sic] First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights."
(Court Doc. 131, Pl.'s Resp. to Defs. Thomas and Smith Mot. for Sum. J. at 2.) Plaintiff
is not entitled to a trial merely on the basis of these unsubstantiated allegations. *Kraft v.
United States*, 991 F.2d 292, 296 (6th Cir. 1993).

With respect to the remaining claims in the Complaint, Plaintiff admits that the "false
arrest, false imprisonment, illegal searches, [and] illegal seizure" allegations in the
Complaint are not attributable to Defendant Molineaux. Madden Dep. at 280-281. The
remaining conclusory, vague allegations in the Complaint fail to explicitly identify or
attribute any unconstitutional conduct to Defendant Molineaux. Thus, the Court finds that
Plaintiff has failed to allege sufficient facts for a reasonable juror to conclude that
Defendant Molineaux, while acting under color of state law, deprived him of a right secured
by the Constitution or laws of the United States. *Gregory*, 220 F.3d at 441. Accordingly,
Plaintiff's Section 1983 claims against Defendant Molineaux, in his official and individual
capacity, will be **DISMISSED WITH PREJUDICE.**

### C. Plaintiff's Section 1983 Claims Against Defendant Thomas

To extent Defendant Thomas is being sued in her individual or personal capacity for
damages, she is entitled to judicial immunity. Plaintiff's claims against Defendant Thomas,
which relate to his request for an audio recording of the March 27, 2007 hearing, arise out
quasi-judicial functions. *See Lyle v. Jackson,* 49 Fed. App'x 492, 2002 WL 31085181, at
*1 (6th Cir. 2002) (quasi-judicial immunity applies to claims against state court clerks who
allegedly failed to provide prisoner with requested copies of previous filings and
transcripts). In the Sixth Judicial Circuit of the United States and under Tennessee law,

judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Bush v. Rauch,* 38 F.3d 842, 847-48 (6th Cir. 1994). Moreover, this immunity "applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice ..." *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004) (internal citations omitted).

Plaintiff's Complaint, which also asserts an official capacity claim, alleges that Defendant Thomas destroyed exculpatory and tangible evidence favorable to Plaintiff by recording over the March 27, 2007 preliminary hearing held in East Ridge, Tennessee. Compl. At 7; Madden Dep. at 264. Plaintiff, however, has not presented any evidence that Defendant Thomas destroyed this evidence. On the contrary, Plaintiff admits that the recordings were never destroyed and were, in fact, "inadvertently recorded over." Court Doc. 132, Pl.'s Mem. of Law in Supp. to Deny Defs. Thomas and Molineaux's Mot. For Summ. J. at 2; Madden Dep. at 272.

The remaining conclusory, vague allegations in the Complaint all fail to explicitly identify or attribute any unconstitutional conduct to Defendant Thomas, and Plaintiff has not presented any evidence support such a conclusion. On the contrary, Plaintiff admits that Defendant Thomas had no role in any alleged conspiracy against him. *Id.* Plaintiff further admits that the "false arrest, false imprisonment, illegal searches, [and] illegal seizure" allegations in the Complaint are not attributable to Defendant Thomas. Madden Dep. at 280-281. Thus, the Court finds that Plaintiff has failed to allege sufficient facts for a reasonable juror to conclude that Defendant Thomas, while acting in her official capacity, deprived him of a right secured by the Constitution or laws of the United States. *Gregory,*

-11-

220 F.3d at 441. Accordingly, Plaintiff's Section 1983 claims against Defendant Thomas, in her official and individual capacity, will be **DISMISSED WITH PREJUDICE.**

### D.    Plaintiff's Section 1983 Claims Against the City of Chattanooga

Plaintiff's Complaint contains several general allegations that the City of Chattanooga violated his constitutional rights.[3] It asserts that the City of Chattanooga Executive Authorities" acted on "old warrants to signify lying in wait, or waylaying Plaintiff from the judgment awarded to Plaintiff against the City of Chattanooga." Compl. at 4. Plaintiff further alleges that his arrest was an unlawful and illegal search and seizure. *Id.* Plaintiff contends that the City of Chattanooga conspired with the other Defendants to arrest him on an invalid arrest warrant and subjected him to an excessive bond so as to prevent him from submitting a reply brief for the pending appeal of his judgment against the City of Chattanooga. *Id.* at 5.

The City of Chattanooga also seeks the dismissal of Plaintiff's § 1983 claims against it because (1) the City of Chattanooga cannot be held liable under a theory of *respondeat superior* and (2) Plaintiff cannot establish an unconstitutional policy, custom, or practice of the City of Chattanooga that inflicted Plaintiff's injury.

---

[3] Plaintiff's response to Defendant City of Chattanooga and Cooper's Motion for Summary Judgment also contains an allegation that he was denied reasonable and effective assistance in counsel. Court Doc. 133, Pl.'s Mot. to Deny City of Chattanooga Mot. for Summ. J. at 2. Plaintiff's Complaint does not contain any denial of assistance of counsel allegation. It is well-established that a plaintiff may not amend his complaint through argument in a brief opposing summary judgment. *Tucker v. Union of Needletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (relying on *Gilmore v. Gates, McDonald, and Co.*, 382 F.3d 1312, 1315, (11th Cir. 2005); see also, *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). Accordingly, the Court has no legal basis upon which to evaluate this allegation. *Naples v. Lowellville Police Dep't*, 125 Fed. App'x 636, 644 (6th Cir. 2005) (unpublished).

1. <u>Liability of City of Chattanooga</u>

   a. *Respondeat Superior* <u>Liability</u>

Plaintiff's Complaint contains claims that can be construed as alleging unnamed individuals, acting on behalf of the City of Chattanooga, violated his constitutional rights.[4] The City of Chattanooga seeks the dismissal of Plaintiff's § 1983 claims against it to the extent such claims are based on the theory of *respondeat superior*.  It is well-established that a governmental entity cannot be held liable under § 1983 on a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Accordingly, Defendants' Motion for Summary Judgment will be **GRANTED** with respect to Plaintiff's § 1983 claims against the City to the extent such claims are based on a theory of *respondeat superior*, and such claims will be **DISMISSED WITH PREJUDICE**.

   b. <u>Unconstitutional Policy, Custom, or Practice</u>

Next, the City of Chattanooga seeks the dismissal of Plaintiff's § 1983 claims against it to the extent such claims are based on an alleged unconstitutional policy, custom, or practice.

Although a governmental entity cannot be held liable under 42 U.S.C. § 1983 on the basis of a theory of *respondeat superior,* such an entity may be liable under § 1983 "when execution of [the entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [Plaintiff's] injury."
 *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694-95 (1978).  To be

---

[4] For example, Plaintiff alleges that an unnamed individual acting on behalf of the City of Chattanooga committed perjury before the Grand Jury proceeding in violation of his rights as guaranteed by the Fourth Amendment of the U.S. Constitution.  Compl. at 7.

held liable, the unconstitutional policy or custom of the entity must be the "moving force" behind the constitutional violation. *Id.*

Plaintiff admitted in his own deposition that he does not have any evidence of the existence any unconstitutional policies, customs or practices of the City of Chattanooga. Madden Dep. at 183-184. Without such evidence, there is no other evidence in the record to suggest that the existence of any unconstitutional policies, practices, or customs were the "moving force" behind Plaintiff's alleged injuries. *See also Black v. City of Memphis*, 215 F.3d 1325, 2000 WL 687683, at *3 (6th Cir. May 19, 2000). As a result, Plaintiff has not presented sufficient evidence to avoid summary judgment as to his § 1983 claim against the City of Chattanooga. Accordingly, the City of Chattanooga's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's § 1983 claims against it, and such claims will be **DISMISSED WITH PREJUDICE**.

### E. Plaintiff's Section 1983 Claims Against Defendant Cooper

Plaintiff sued Defendant Cooper in his official capacity as the Chief of the City of Chattanooga Police Department. With respect to Plaintiff's § 1983 claims against Defendant Cooper in his official capacity, the Court notes that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, the § 1983 claims against Defendant Cooper in his official capacity are actually claims against the City of Chattanooga and are redundant in light of identical claims brought against the City of Chattanooga. Therefore, Plaintiff's § 1983 claims against Defendant Cooper in his official capacity will be **DISMISSED WITH PREJUDICE**.

-14-

With respect to Plaintiff's § 1983 claims against Defendant Cooper in his individual capacity, Defendant Cooper contends that such claims should be dismissed because he is entitled to qualified immunity. The doctrine of qualified immunity shields " 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The United States Supreme Court has articulated a two-part test for determining whether a law enforcement officer is entitled to qualified immunity. *See Brosseau v. Haugen*, 543 U.S. 194, 125 S. Ct. 596, 598 (2004); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Under this test, district courts must:

> consider whether "the facts alleged show the officer's conduct violated a constitutional right." If the plaintiff can establish that a constitutional violation occurred, a court should ask "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition."

*Lyons v. City of Xenia*, 417 F.3d 565, 571 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 201).

Once a defendant claims the affirmative defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the defense of qualified immunity. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005). When a defendant moves for summary judgment and asserts the defense of qualified immunity, the plaintiff must "1) identify a clearly established right alleged to have been violated; and 2) establish that a reasonable officer in the defendant's position should have known that the conduct

-15-

at issue was undertaken in violation of that right." *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995).

The key inquiry in determining whether a right was clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Ewolski*, 287 F.3d at 501 ("For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " (quoting *Russo v. City of Cincinnati*, 953 F.2d 1036 (6th Cir. 1992))). Although the conduct in question need not have been previously held unlawful, the unlawfulness must be apparent in light of pre-existing law. *Id.* Officials are entitled to qualified immunity " 'when their decision was *reasonable*, even if mistaken.' " *Pray*, 49 F.3d at 1158 (quoting *Castro v. United States*, 34 F.3d 106, 112 (2d Cir. 1994)). Further, " 'if officers of reasonable competence could disagree on this issue, immunity should be recognized.' " *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 349 (1986)).

In this instance, there is no evidence in the record to support Plaintiff's burden in rebutting Defendant Cooper's claim of qualified immunity. *Pray*, 49 F.3d at 1158. Plaintiff's deposition testimony speculates that Defendant Cooper may have engaged in misconduct on the behest of Chattanooga mayor Rob Littlefield. Madden Dep. at 155-156. This vague allegation, however, fails to meet Plaintiff's burden in removing Defendant Cooper's qualified immunity because it does not even *identify* what constitutional right was violated.

There is no evidence in the record that Defendant Cooper violated Plaintiff's

constitutional rights or encouraged or participated with others to violate Plaintiff's constitutional rights. Defendant Cooper submitted a sworn affidavit in which he explicitly admits that he authorized and approved the recommendation by the Fugitive Unit to conduct Operation In-House Sweep on January 11, 2008 in conjunction with the Hamilton County Sheriff's Department to arrest individuals with outstanding warrants, including Plaintiff. Court Doc. 102, Cooper Aff. ¶ 6.

Although Plaintiff repeatedly disputes the arrest warrant's validity, he provides no evidence to substantiate this allegation. The evidence in the record, however, indicates that Chattanooga Police Department officials executed a valid arrest warrant when Plaintiff was arrested on January 11, 2008. Madden Dep. Ex. 3-4. Plaintiff's unsubstantiated allegations are insufficient to rebut this evidence at the summary judgment stage. *See Goins v. Clorox Co.,* 926 F.2d 559, 561 (6th Cir. 1991).

Moreover, as the United States Court of Appeals for the Sixth Circuit has explained, police officers "acting in good faith [are] not subject to liability under 42 U.S.C. § 1983 for executing a facially valid arrest warrant." *Bevins v. Keesee*, No. 90-5567, 1991 U.S. App. LEXIS 7364, at * 4-5 (6th Cir. April 10, 1991). Consequently, neither a policeman who executes a valid arrest warrant, nor his superior who authorizes such an arrest, is liable for damages under § 1983 merely because the person arrested is later shown to be innocent. *Buchanan v. County of* Jefferson, 703 F.2d 559 (6th Cir. 1982) citing Atkins *v. Lanning*, 556 F.2d 485, 487 (10th Cir. 1977); *McCloud v. Tester*, 391 F. Supp. 1271 (E.D. Tenn. 1975). As the Supreme Court of the United States further explained, the Constitution "does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137,

-17-

145 (1979).

In the absence of any showing that Defendant Cooper participated in or authorized a violation of Plaintiff's clearly established constitutional rights, Defendant Cooper is entitled to qualified immunity. Accordingly, Plaintiff's § 1983 claims against Defendant Cooper in his individual capacity will be **DISMISSED WITH PREJUDICE**.

### F.     Plaintiff's Section 1983 Claims Against Hamilton County, Tennessee

Plaintiff alleges that Defendant Hamilton County, Tennessee unlawfully and illegally search, seized, and arrested Plaintiff on January 11, 2008. Compl. at 3-6. He further contends that Plaintiff was illegally detained in Hamilton County Jail and it conspired with other Defendants to set bail so excessively high so as to prevent him from filing a reply brief for the pending appeal of the judgment Plaintiff was awarded. *Id.* at 3-5. Defendant Hamilton County, Tennessee seeks the dismissal of Plaintiff's municipal liability claims against it.

Although a governmental entity cannot be held liable under 42 U.S.C. § 1983 on the basis of a theory of *respondeat superior,* such an entity may be liable under § 1983 "when execution of [the entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [Plaintiff's] injury." *Monell*, 436 U.S. at 694-95. To be held liable, the unconstitutional policy or custom of the entity must be the "moving force" behind the constitutional violation. *Id.*

Plaintiff's Complaint contains no allegation that Defendant Hamilton County, Tennessee's policies, customs, or practices, or failure to train were a moving force behind Plaintiff's claim that he was unlawfully searched, seized, and arrested on January 11, 2008.

-18-

Plaintiff also presented no evidence of any policy or custom, either official or unofficial, on the part of Hamilton County, Tennessee, that related to his unlawful search, seizure and arrest allegation. Without such evidence, there is no other evidence in the record to suggest that the existence of any unconstitutional policies, practices, or customs were the "moving force" behind Plaintiff's alleged injuries. *See also Black v. City of Memphis*, 215 F.3d 1325, 2000 WL 687683, at *3 (6th Cir. May 19, 2000).

Moreover, there is no evidence to support the conclusion that Plaintiff's arrest even gives rise to a Section 1983 claim. Plaintiff admits that the Hamilton County Sheriff's office deputy who arrested him was compelled to act, as a matter of law, pursuant to the facially valid *capias* warrant issued by a criminal court judge. Madden Dep. at 224-25; T.C.A. § 8-8-201. As discussed *supra*, police officers "acting in good faith [are] not subject to liability under 42 U.S.C. § 1983 for executing a facially valid arrest warrant." *Bevins*, 1991 U.S. App. LEXIS 7364, at * 4-5. Thus, the Court finds that Plaintiff has failed to plead sufficient facts and presented sufficient evidence to avoid summary judgment as to his § 1983 claim against Hamilton County, Tennessee. Accordingly, Plaintiff's § 1983 claims against Hamilton County, Tennessee will be **DISMISSED WITH PREJUDICE**.

**G. Plaintiff's Section 1983 Claims Against Defendant Long (Individual Capacity)**

With respect to Plaintiff's individual capacity Section 1983 claim against Defendant Billy Long, there is no evidence upon which a reasonable juror could conclude that he was liable, in his individual capacity. Plaintiff's Complaint contains no allegation that Defendant Long deprived Plaintiff of a right secured by the Constitution or laws of the United States. Plaintiff admits that he has no factual or evidential support of an individual liability claim

-19-

pursuant to 42 U.S.C. § 1983 against Defendant Long.  Madden Dep. at 231.  In fact, Plaintiff testified that he had no knowledge whether Defendant Long even knew of the Plaintiff's situation.  *Id.* There is nothing in the record to lead a reasonable juror to conclude that Defendant Long observed or had reason to know any wrongful acts were committed under these circumstances.

Thus, Plaintiff cannot recover any relief arising under 42 U.S.C. § 1983 against Defendant Long in his individual capacity.  *Gregory*, 220 F.3d at 441 (explaining a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law"  to establish a *prima facie* claim pursuant to 42 U.S.C. § 1983.)  Accordingly, Plaintiff's § 1983 claims against Defendant Long in his individual capacity will be **DISMISSED WITH PREJUDICE**.

### H.    Plaintiff's Section 1983 Claims Against  Defendant Hammond (Official Capacity)

On January 27, 2009, the Court granted Plaintiff's motion to substitute  the official capacity claims against Defendant Long to be against Jim Hammond, who succeeded Defendant Long as the Sheriff of Hamilton County, Tennessee.  (Court Doc. 44)  Thus, pursuant to Rule 25 of the Federal Rules of Civil Procedure, Plaintiff's official capacity claims arising out of the duties performed by the Sheriff of Hamilton County, Tennessee are now pending against Defendant Hammond.

Defendant Hammond cannot be liable in his individual capacity because he was not sheriff at the time of Plaintiff's arrest.  Accordingly, Plaintiff's individual liability claims arising under 42 U.S.C. § 1983 against Defendant Hammond will be **DISMISSED WITH**

-20-

**PREJUDICE.**

With respect to Plaintiff's § 1983 claims against Defendant Hammond in his official capacity, the Court notes that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, the § 1983 claims against Defendant Hammond in his official capacity are actually claims against the Hamilton County, Tennessee and are redundant in light of identical claims brought against the Hamilton County, Tennessee. Therefore, Plaintiff's § 1983 claims against Defendant Hammond in his official capacity will be **DISMISSED WITH PREJUDICE**.

**IV. CONCLUSION**

For the reasons explained above, (1) Defendants Billy Long, Jim Hammond, and Hamilton County's Motion for Summary Judgment [Court Doc. 106] is **GRANTED**; (2) Defendants City of Chattanooga and Freeman Cooper's Motion for Summary Judgment [Court Doc. 100] is **GRANTED**; and (3) Defendants Jo Ann Thomas and J.J. Molineaux's Motion for Summary Judgment [Court Doc. 108] is **GRANTED**.

In accordance with this ruling, Plaintiff's claims against Defendant Bill Long, in his individual capacity, are **DISMISSED WITH PREJUDICE.** Plaintiff's claims against Defendant Jim Hammond, in his official and individual capacity, are **DISMISSED WITH PREJUDICE.** Plaintiff's claims against the City of Chattanooga are **DISMISSED WITH PREJUDICE.** Plaintiff's claims against Defendant Freeman Cooper, in his official and individual capacity, are **DISMISSED WITH PREJUDICE.** Plaintiff's claims against Jo Ann Thomas, in her official and individual capacity, are **DISMISSED WITH PREJUDICE.** Plaintiff's claims against Defendant J.J. Molineaux, in his official and individual capacity, are **DISMISSED WITH PREJUDICE**.

The Clerk is directed to close the case file.


SO ORDERED this 19th day of February 2010.


                                 */s/Harry S. Mattice, Jr.*
                                 HARRY S. MATTICE, JR.
                                 UNITED STATES DISTRICT JUDGE